A. WENTWORTH ERICKSON, Plaintiff, *v.* SYLVANUS J. MACY, Defendant.

(Supreme Court, Monroe Special Term, July, 1920.)

Service — publication — military service — Statute of Limitations — Code Civ. Pro. §§ 382, 399, 414, 439.

Service by publication against a resident of the state absent therefrom in the military service, is sufficient under sections 382, 399, 414 and 439 of the Code of Civil Procedure, if made in accordance with the requirements of those sections on the basis of the six-year Statute of Limitations.

THIS action was brought to recover upon a promissory note payable on demand for $35,000, dated June 29, 1912. The action accrued at the date of the note and the six year Statute of Limitations expired on June 29, 1918. The defendant entered the military service June 1, 1918, and was discharged July 10, 1919. The summons and complaint were delivered to the sheriff for service June 20, 1918, and as the defendant during his military service was outside the state, personal service could not be made on him. An order for publication was obtained on July 16, 1918.

The judgment was entered by default January 2, 1920, but not until after the return of the defendant to the state. This motion was made February 13, 1920. It is claimed by the defendant that the court was without jurisdiction to grant the order for publication and that the judgment was void. This is based upon the contention that the federal Soldiers' and Sailors' Civil Relief Act (act of congress, March 8, 1918) extended the Statute of Limitations and that the plaintiff was required to obtain his order after the expiration of the term of military service of the defendant and not at the time provided in the Code of Civil Procedure. The contention of the plaintiff is that the federal statute did not stay actions or affect the provisions of the Code relating to service by publication under the circumstances of this case.

John Van Voorhis' Sons, for motion.

Harris, Beach, Harris & Matson, opposed.

RODENBECK, J. The difficulty with the contention made by the defendant in this case is that the plaintiff in making service by publication was controlled by the statutes of this state. He was required to make an

attempt to serve the summons personally within the state before the expiration of the six year Statute of Limitations and not having succeeded he was also required to secure an order for publication within the time prescribed by the statute. Code Civ. Pro. §§ 382, 399, 414, 439. These statutes as contended by the defendant are required to be strictly observed and they could not be complied with by the plaintiff except at the time when the service was made. If plaintiff had attempted to make this service after the expiration of the defendant's term of military service, he could not have complied with the state statutes relating to service by publication under the circumstances. The federal statute did not change the provisions of the Code of Civil Procedure. It merely extended the time in which service might be made by the term of military service, but this extension is not to be construed as modifying the requirements of the statutes relating to service by publication. Soldiers' and Sailors' Civil Relief Act, March 8, 1918. The provisions of section 414 of the Code of Civil Procedure do not affect the situation, as the federal statute does not attempt to prescribe a " different " limitation. The federal statute does not stay actions by or against those in military service. This is conceded by the defendant. If this is true the plaintiff had the right to commence his action by personal service at any time before the expiration of the six year period of limitation plus the period of military service, but this is not true as to service by publication because the statute provides when that service shall be made. The Code of Civil Procedure could be complied with only at the time when the service was made by the plaintiff. Under sections 382, 399, 414 and 439 of the Code of Civil Procedure service by publication against a resident of the state, absent from the state in the military

service, is sufficient, if made in accordance with the requirements of those sections on the basis of the six year Statute of Limitations. The papers upon which the order was granted are sufficient. The statute requires proof by affidavit of the facts conferring jurisdiction. The action was upon a demand note which became due and payable at once and the statute began to run against it immediately. The date of the note which is set forth in the complaint is sufficient proof of the time when the cause of action accrued since as a matter of law it accrued at the date of the note and the Statute of Limitations would expire six years from that time. The motion to set aside the judgment is denied, with ten dollars costs of motion.

Motion denied, with ten dollars costs.